Filed 8/14/15  P. v. Wilson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066729 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCD255447, SCD237719) |
| JOHN TRESS WILSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted John Tress Wilson of possession of a firearm by an ex-felon. Wilson contends the trial court erroneously overruled his objection to the prosecutor's

remarks in her closing argument relating to his prior felony conviction. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2014, Officer Tom and Officer Lotz of the San Diego Police Department conducted a traffic stop of Wilson's vehicle. During the stop, Tom searched Wilson's trunk and found a small semi-automatic pistol inside a beanie cap. The gun was operable and had bullets in the magazine and one in the chamber. DNA samples taken from the gun matched Wilson's DNA.[1]

After the prosecutor's case-in-chief, the parties stipulated that Wilson had a qualifying prior felony conviction, and Wilson chose not to present any affirmative evidence. During closing argument, the prosecutor discussed the knowledge element of a possession charge and argued Wilson's prior felony conviction established that he had a motive to hide the pistol in the car's trunk. The prosecutor said "Why would somebody hide a gun in their car, in their trunk? Why? Why would a convicted felon hide a gun inside of his trunk[,] inside of a beanie[,] inside of a CD case? ¶ Why would he do that? ¶ Because he's a felon. He obviously knows it, and he knows that he's not supposed to have it."

_____

[1] The probability that an individual randomly selected would match the predominate DNA profile found on the gun are one in ninety-three quintillion for the Caucasian population, one in seventeen quintillion for the African-American population, and one in three hundred ninety quintillion for the Hispanic population. A quintillion has 18 zeros.

Despite having previously stipulated to a felony conviction, Wilson objected to the prosecutor's argument, contending she was misusing his felony conviction as negative character evidence of propensity to commit a crime. The prosecutor disagreed and explained: "[The felony conviction is] an element of the offense. We stipulated . . . [he is] a felon, so I can call him a felon." The court overruled the objection, concluding that the prosecutor was entitled to proffer a reason why Wilson would have concealed the weapon in the trunk of the car.

The prosecutor then continued her argument to the jury: "But why would somebody hide a gun inside of a car? Why would the defendant, a felon who's not supposed to be possessing a gun, hide it in the back of his vehicle? ¶ Because he's not supposed to have it. That is why you hide things, because you don't want anybody else to find it, because you know you're not supposed to have those things. ¶ People do it all the time. Children do that all the time, thinking they're smarter than their parents. Thinking they're smarter than the cops. People aren't going to look there if you hide it; they're not going to find it." Wilson argued in his closing remarks that the prosecution provided no evidence that he knew about the existence of the gun at all.

Before jury deliberations, the court instructed the jury on the prior felony stipulation: "The defendant and the People have stipulated[,] or agreed[,] the defendant was previously convicted of a felony. This stipulation means that you must accept this fact as proved. ¶ Do not consider this fact for any other purpose. Do not speculate about or discuss the nature of the conviction."

3

DISCUSSION

I

*Legal Principles*

A prosecutor's misconduct violates the federal Constitution only when it is so egregious and infects the trial with such unfairness that the resulting conviction is a denial of due process.  Such pervasive misconduct requires reversal unless it is harmless beyond a reasonable doubt.  (*People v. Hill* (1998) 17 Cal.4th 800, 844.)  Conduct that does not render a trial fundamentally unfair constitutes prosecutorial misconduct under state law only if it involves the use of deceptive or reprehensible methods to attempt to persuade either the court or the jury.  (*People v. Benavides* (2005) 35 Cal.4th 69, 108.)  State law misconduct necessitates reversal where it is reasonably probable the prosecutor's intemperate behavior affected the verdict.  (*People v. Espinoza* (1992) 3 Cal.4th 806, 820.)

With regard to a claim of misconduct based on remarks to the jury, defendant must show a reasonable likelihood the jury understood or applied the complained upon comments in an improper or erroneous manner.  In conducting this inquiry, a reviewing court will not " 'lightly infer' that the jury drew the most damaging rather than the least damaging meaning from the prosecutor's statements."  (*People v. Frye* (1998) 18 Cal.4th 894, 970, citing *People v. Howard* (1992) 1 Cal.4th 1132, 1192.)

Further, a prosecutor is given wide latitude during closing argument.  (*People v. Collins* (2010) 49 Cal.4th 175, 213.)  Argument may be vigorous as long as it amounts to

4

fair comment on the evidence, which can include reasonable inferences or deductions to be drawn from that evidence. (*Ibid.*) During closing argument, counsel may state matters that are not in evidence but that are common knowledge or illustrations drawn from common experience, history or literature. (*People v. Ward* (2005) 36 Cal.4th 186, 215.)

## II

### *Prosecutorial Misconduct and Harmless Error*

Wilson alleges the prosecutor committed prejudicial misconduct during closing argument by using his felony conviction as negative character evidence to show his propensity to commit crimes. He contends the court erred in overruling his objection and allowing the jury to consider his prior conviction beyond its admissible scope. Wilson claims the error was prejudicial because there was a reasonable probability that the outcome would have been different but for the error. We find no prejudicial misconduct.

At trial, the parties stipulated to Wilson's prior felony conviction, which allowed the prosecutor to argue to the jury reasonable inferences to be drawn therefrom. (*People v. Harris* (2005) 37 Cal.4th 310, 345.) The prosecutor reasonably argued from Wilson's felony conviction and the evidence of the well-hidden gun that Wilson did not want to suffer the consequences of another felony conviction, which motivated him to hide the gun. (See *People v. Collins*, *supra*, 49 Cal.4th at pp. 213-214) Common experience permits an inference that Wilson, a person convicted of a felony, would

5

understand the consequences of possessing a firearm and take measures to avoid the effects of another felony conviction.

Despite Wilson's contentions, the prosecutor neither referenced Wilson's prior felony conviction to establish his propensity to commit crimes nor did she argue that Wilson's prior felony conviction proved that he had a predisposition to commit crimes. The prosecutor's argument that the prior felony conviction gave Wilson a reason to hide the gun did not render Wilson's trial fundamentally unfair nor did it involve the use of deceptive or reprehensible methods to attempt to persuade the jury.[2]

In addition, the trial court properly instructed the jury they were not allowed to consider the prior felony conviction for any purpose other than to show that Wilson was previously convicted of a felony. Juries are presumed to follow the court's instructions, and there is nothing in the record to suggest the jury did not do so in this case. (*People v. Ryan* (1981) 116 Cal.App.3d 168, 179.) The prosecutor did not ask the jury to consider the prior conviction for any other purpose, i.e., she did not argue the prior conviction for an improper purpose such as proof of criminal character or a propensity to commit crime. She simply argued that the jury could reasonably infer from the fact of the prior

---

[2] *People v. Bolton (1979)* 23 Cal.3d 208, 212, a case relied upon by Wilson, is easily distinguishable from this case. In *Bolton* the prosecutor implied in his argument that he knew of damaging evidence unknown to the jury which proved the defendant's guilt, when in fact the defendant had no criminal record. Here the prosecutor never discussed evidence not in the record but simply drew a reasonable inference on defendant's state of mind and motive from the admissible evidence of Wilson's stipulated prior felony conviction.

conviction that Wilson knew he was not supposed to possess a gun and would have a motive to take special efforts to conceal it. Especially considering the legal correctness of the prosecutor's argument, there is no reason to conclude that the jury did not follow the court's instruction on use of a prior felony conviction.

Moreover, even if the prosecutor's argument had been improper, it was harmless because the evidence compelled the conclusion that Wilson possessed the gun. Police stopped and searched the car that Wilson drove and solely occupied. The search revealed a gun well-hidden inside a beanie and a CD case in the trunk. Wilson's DNA was found on the gun. Under any conceivable standard, even absent the prosecutor's remarks in closing argument about Wilson's state of mind, based on the evidence, it was not reasonably probable that the jury would have reached a verdict favorable to Wilson. (See *People v. Espinoza, supra*, 3 Cal.4th at pp. 820-821; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

We conclude the statements made by the prosecutor, when reviewed in full context, were innocuous and did not rise to the level of reprehensible deceitfulness required to constitute reversible prosecutorial error (see *People v. Ayala* (2000) 23 Cal.4th 225, 283-284) and that even if the prosecutor had erred, her error was harmless.

DISPOSITION

The judgment is affirmed.

Prager, J.*

WE CONCUR:

McINTYRE, Acting P. J.

IRION, J.

---

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.